Andrea E. Batres (AB-1903)
Bell Law Group, PLLC
100 Quentin Roosevelt Blvd., Ste. 208
Garden City, NY 11530
Tel. (516) 280-3008
Fax (212) 656-1845
ab@belllg.com

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
GUILLERMO PIMENTEL, on behalf of himself
and all others similarly situated,

                Plaintiffs,

   -against-

MEMORIES PUB INC. d/b/a MEMORIES BAR
and GRILL, and ALBERTO OLIVEIRA, Individually,

                Defendants.
------------------------------------------------------------X

FLSA COLLECTIVE ACTION
and NEW YORK CLASS ACTION
COMPLAINT

**Jury Trial Demanded**

Plaintiff, GUILLERMO PIMENTEL, on behalf of himself and all others similarly situated, by and through his attorneys, Bell Law Group PLLC, complaining of the Defendants, MEMORIES PUB INC. d/b/a MEMORIES BAR AND GRILL ("MEMORIES PUB"), and ALBERTO OLIVEIRA individually (collectively "Defendants"), alleges as follows:

**PRELIMINARY STATEMENT**

1. This is a collective action brought by Plaintiff on behalf of himself and on behalf of the proposed classes identified below against Defendants who are owners and operators of a restaurant establishment in Williston Park, New York. Plaintiff and members of the proposed classes were or are employed by Defendants as hourly rate employees and were denied: (i) payment of minimum wage for all hours worked and overtime compensation for all hours worked over 40 hours per week as required by the Fair Labor Standards Act,

29 U.S.C. §201 et seq., ("FLSA"), the New York Labor Law Article 19, §650 et seq., and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 146 ("New York Labor Law"); (2) payment of "spread of hours" pay required by New York Labor Law; (3) wage notices as required under the New York Labor Law; and (4) time off for meals and breaks as required under the New York Labor Law.

2. Plaintiff seeks to represent a class (hereinafter referred to as the "FLSA Class") made up of all employees who were paid an hourly or daily rate to work at MEMORIES PUB within (3) three years prior to this action's filing date through the date of the final disposition of this action (the "FLSA Class Period") and who were subject to Defendants' unlawful payroll practices.

3. Plaintiff seeks relief for the FLSA Class under the FLSA to remedy Defendants' failure to pay a minimum wage, overtime compensation and other wages due for the FLSA Class Period, in additional to liquidated damages and injunctive relief. As outlined below, Defendants deprived Plaintiff and the FLSA Class members of overtime premiums and wages for all hours worked as part of a common policy or plan to circumvent federal minimum wage and overtime compensation laws.

4. Plaintiff also seeks to represent a class (hereinafter referred to as the "New York Class") made up of all employees who were paid an hourly or daily rate to work at MEMORIES PUB within six years prior to this action's filing date through the date to the final disposition of this action (the "New York Class Period") and who were subject to Defendants' unlawful payroll practices. Plaintiff seeks relief for the New York Class under the New York Labor Law to remedy Defendants' failure to pay a minimum wage, overtime

compensation, spread of hours compensation, and other wages due for the New York Class Period, in addition to liquidated damages and injunctive relief.

5. During the FLSA Class Period and the New York Class Periods, Defendants unlawfully failed to: (a) pay all hourly and flat daily workers the applicable minimum wage rate because the hourly or flat daily rate paid by Defendants to the members of the FLSA Class and the New York class resulted in an hourly rate less than the applicable wage; (b) pay all hourly rate and flat daily rate workers correct overtime compensation in that the hourly rate or flat daily rate paid by Defendants to the members of the FLSA Class and the New York Class did not compensate these employees at a rate of one and one-half times their regular rate of pay for all hours worked in excess of forty hours per workweek;  and/or (c) pay "spread-of –hours" pay and time off for meal and rest breaks required by the New York Labor Law; and/or (e) provide notice of employees rate of pay and the basis of their rate of pay as required by the New York Labor Law.

6. This action also seeks declaratory, injunctive and equitable relief to address Defendants' violations of the FLSA and New York Labor Law.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§1331 and 1337 and supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367.

8. The Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 and 2202.

9. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. §1391, as substantial parts of the events or omissions giving rise to the Complaint occurred within the Eastern District.

## THE PARTIES

**Plaintiffs**

10. The Plaintiff, GUILLERMO PIMENTEL ("GPIMENTEL"), is a resident of the County of Nassau, State of New York.

11. At all times relevant to the Complaint, Plaintiff, GPIMENTEL, was and still is an "employee" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. §203(e), and New York State Labor Law §190(2).

12. The Plaintiff, GPIMENTEL, was employed by the Defendants from in or about November 2011 until May 2015.

13. The Plaintiff, GPIMENTEL, performed non-exempt duties for the Defendants. GPIMENTEL's primary job duties involved cooking, preparing food and dishwashing services.

**Defendants**

14. Upon information and belief, defendant MEMORIES PUB was and still is a domestic business corporation organized and existing pursuant to the laws of the State of New York.

15. Upon information and belief, the defendant MEMORIES PUB was and still is engaged in the restaurant and pub business, was and/or is doing business as MEMORIES PUB INC. at 121 Hillside Avenue, Williston Park, New York 11596.

16. At all times relevant, defendant, MEMORIES PUB was and still is an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. §203(d), and New York State Labor Law §190(3).

17. Defendant ALBERTO OLIVEIRA, upon information and belief is an owner of MEMORIES PUB. ALBERTO OLIVEIRA exercised decision making authority over the terms and conditions of Plaintiff and the members of the FLSA and New York Classes' employment, had the authority to direct and control these employees' work performance

and/or was responsible for making operational and managerial decisions at MEMORIES PUB, including those with respect to employees' hours worked, rates/method of pay, and hiring and firing. As a result, ALBERTO OLIVEIRA is and was an "employer" for purposes of the FLSA and the New York State Labor Law.

18. Upon information and belief, at all times relevant to the Complaint, Defendants were an "enterprise" and performed activities for a business purpose within the meaning of 29 U.S.C. § 203(r)(1) and (r)(2) due to its operation as a restaurant and pub establishment.

19. Upon information and belief, at all times relevant to the Complaint, Defendants employed more than two employees engaged in interstate commerce and had a gross annual dollar volume of sales made or business done of not less than $500,000.00 due to its operation of a restaurant establishment.

20. Upon information and belief, at all times relevant to the Complaint, Defendants employed employees, including Plaintiff, who regularly were and are presently engaged in commerce or in the production of goods for commerce or in handling, selling or otherwise working on goods and materials which have moved in or been produced for commerce within the meaning of 29 U.S.C. §203(b), (g), (i) and (j) in connection with its operation of a restaurant and pub establishment.

## FACTS

21. At all times relevant, Plaintiff and the members of the FLSA Class and New York Class, performed non-exempt duties, including, but not limited to, cooking, preparation of food and dishwashing services for defendants customers.

22. At all times hereinafter mentioned, Plaintiff and the members of the FLSA Class and New York Class were required to be paid overtime pay at the statutory rate of time and one-half their regular rate of pay for all hours worked over forty (40) hours in a workweek.

23. Plaintiff and the members of the FLSA Class and New York Class regularly worked more than forty (40) hours in most workweeks in which they were employed by the Defendants.

24. Plaintiff regularly worked six (6) to eleven (11) hours per day, five (5) or six (6) days per week, or approximately 42 ½-54 hours per week, without overtime pay or spread of hours pay.

25. Plaintiff, and the members of the FLSA Class and New York Class, were paid an hourly rate per hour of approximately $12.00 to $22.00 dollars for the first forty (40) hours worked per week, irrespective of the amount of hours worked.

26. Plaintiffs and the members of the FLSA Class and New York Class consistently worked over 40 hours per week but were not paid for any hours over 40 per week and their hourly rate fell well below the statutory minimum wage.

27. For example, for the week of March 3, 2014- March 9, 2014, Plaintiff GPIMENTEL worked fifty (50) hours, was only paid for the first forty (40) hours at an hourly rate, and was not paid for any hours worked over 40.

28. Defendants failed to compensate the Plaintiff and the members of the FLSA Class and New York Class for time worked in excess of forty (40) hours per week at a rate of at least one and one-half times their regular hourly rate, throughout the entire term of their employment with the Defendants.

29. Defendants willfully disregarded and purposefully evaded record keeping requirements of the FLSA and the New York Labor Law by failing to maintain accurate time sheets and payroll records.

30. Defendants failed to pay Plaintiff and the members of the FLSA Class and New York Class employees spread of hours pay in violation of New York Labor Law. Despite working over ten hours per day, Plaintiff and the members of the FLSA Class and New York Class were not compensated an additional hours pay when they worked more than ten (10) hours in a day.

31. Defendants' refusal and/or failure to pay overtime and spread of hours pay was knowing and willful.

32. Defendants failed to provide Plaintiff and the members of the FLSA Class and New York Class time off for meal and break periods.

33. On numerous occasions, Plaintiff and the members of the FLSA Class and New York Class received neither the thirty (30) minute noonday break period for employees who work shifts in excess of six (6) hours that extend over the noonday meal period, nor the twenty minutes between 5:00 p.m. and 7:00 p.m. for those employed on a shift starting before 11:00 a.m. and continuing after 7:00 p.m.

## COLLECTIVE ACTION ALLEGATIONS

34. Plaintiff brings this action on behalf of himself and other employees similarly situated, as authorized under 29 USC § 216(b). The employees similarly situated are: **FLSA CLASS**: All persons who are or have been employed by Defendants at MEMORIES PUB who were paid an hourly rate within three (3) years prior to this action's filing date through the date of the final disposition of this action and who were subject to Defendants' unlawful practice of (a) failing to pay the applicable minimum wage; and (b) failing to pay overtime compensation for all hours worked in excess of 40 hours per workweek.

35. Defendants meet the definition of an "employer" under the FLSA. By way of example only, Defendants control how much the FLSA Class members are paid, maintain all time records for the FLSA Class members, assigned and supervised all of the tasks given to the FLSA Class members, and maintained and exercised control as to how the FLSA Class members were to perform their tasks.

36. Each of the FLSA Class members are non exempt "employees" entitled to overtime compensation for all hours worked in excess of 40 hours per workweek.

37. During the FLSA Class Period, Defendants paid Plaintiff and the members of FLSA Class less than the statutory minimum wage.

38. Defendants also failed to pay Plaintiff and the FLSA Class members any overtime premiums when they worked in excess of 40 hours in a given work week. Instead, Defendants paid Plaintiff and the members of the FLSA Class an hourly rate for all hours worked. For all employees, Defendants did not pay any compensation to the members of the proposed FLSA Class for any hours worked in excess of 40 hours in a given workweek.

39. In addition to the foregoing, Defendants otherwise failed to properly compensate Plaintiff and the members of the FLSA Class in accordance with the provisions of the FLSA and the U.S. Department of Labor regulations.

40. Defendants' conduct; as set forth in this Complaint, was willful and in bad faith and has caused significant damages to Plaintiff and the members of the FLSA Class.

41. Defendants are liable under the FLSA for failing to properly compensate Plaintiff and the members of the FLSA Class, and as such, notice should be sent to the FLSA Class. There are numerous similarly situated current and former employees of Defendants who were subject to the aforementioned policies in violation of the FLSA who would benefit from the issuance of a Court-supervised notice of the present lawsuit and the opportunity to join in the present lawsuit. Those similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.

## **FEDERAL RULE OF CIVIL PROCEDURE**
## **RULE 23 CLASS ACTION ALLEGATIONS**

42. Plaintiff also brings this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the following defined class: **New York Class**: All persons who are or have been employed by Defendants at MEMORIES PUB who were paid an hourly or flat daily rate within six (6) years prior to this action's filing date through the date of the final disposition of this action and who were subject to Defendants' unlawful

practice of (i) failing to pay minimum wage, (ii) failing to pay overtime compensation for all hours worked in excess of 40 hours per workweek, (iii) failing to pay "spread of hours" pay, and/or (iv) failing to furnish wage statements that specifically enumerated certain criteria, as required by the New York Labor Law.

43. At all times during the New York Class Period, Defendants, as a matter of policy, (i) did not pay Plaintiffs or the New York Class members minimum wage or overtime premium pay for all hours worked in excess of 40 hours per workweek, (ii) did not pay Plaintiffs and the members of the New York Class "spread of hours" pay as required by the New York Labor Law, and (iii) failed to furnish wage statements required by the New York Labor Law.

44. Defendants failed to make, keep and/or preserve accurate records with respect to Plaintiff and the New York Class and failed to furnish to Plaintiff and the New York Class an appropriate statement of wages, in violation of the New York Labor Law.

45. Numerosity: The persons in the New York Class identified above are so numerous that joinder of all members is impracticable.

46. The New York Class Members are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants.

47. Defendants have acted or have refused to act on grounds generally applicable to the New York Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the New York Class as a whole.

48. Commonality: There are questions of law and fact common to the New York Class that predominate over any questions solely affecting individual members of the New York Class, including but not limited to:

    (a)    Whether the Defendants unlawfully failed to pay proper

compensation in violation of and within the meaning of the New York Labor Law Article 6, 190 et seq. and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 146;

(b) Whether Defendants have failed to keep true and accurate time records for all hours worked by Plaintiffs and the New York Class;

(c) What documents of hours worked is sufficient when an employer fails in its duty to maintain true and accurate time records;

(d) What were the policies, practices, programs, procedures, protocols and plans of Defendant regarding payment of overtime wages;

(e) Whether Defendants failed and/or refused to pay Plaintiff and the New York Class overtime pay for hours worked in excess of 40 hours per work week within the meaning of New York Labor Law Article 19, §650 et seq., and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 146;

(f) The nature and extent of New York Class-wide injury and the appropriate measure of damages for the class;

(g) Whether Defendants' general practice of failing and/or refusing to pay Plaintiff and the New York Class overtime pay for hours worked in excess of 40 hours per work week was done willfully or with reckless disregard of the federal and state wage and hour laws.

49. Typicality: Plaintiff's claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief which would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay overtime

compensation for hours worked in excess of forty (40) hours each week, failure to pay the minimum wage and spread of hours pay.

50. Adequacy.  Plaintiff will fairly and adequately represent and protect the interests of the New York Class and has retained counsel competent and experienced in complex class actions and in labor and employment litigation.

51. Superiority: A class action is superior to other available methods for the fair and efficient adjudication of this litigation, particularly in the context of a wage and hour litigation like the present action, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender.  The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant savings of these costs.  The members of the New York Class have been damaged and are entitled to recovery as a result of defendants' common and uniform policies, practices and procedures. Although the relative damages suffered by individual New York Class Members are not de minimis, such damages are small compared to the expense and burden of individual prosecution of this litigation.  In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about defendants' practices.

## FIRST CLAIM FOR RELIEF
### (FLSA: Failure to Pay Overtime Compensation)

52. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

53. During the relevant period, Plaintiff and members of the FLSA Class worked in excess of forty (40) hours per workweek, and because of Defendants' above outlined violations of the FLSA, was not paid appropriate overtime compensation.

54. Defendants have engaged in a widespread pattern and practice of violating the FLSA, as detailed in this Complaint.

55. Plaintiff has consented in writing to be party to this action, pursuant to 29 U.S.C. §216(b).

56. Defendants' violations of the FLSA, as described in this Complaint have been willful and intentional.

57. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. §255.

58. As a result of Defendants' willful violations of the FLSA, Plaintiff and members of the FLSA Class are entitled to recovery of such amounts, liquidated damages, attorneys' fees and costs and equitable relief as the Court deems just and proper pursuant to 29 U.S.C. §216(b).

## SECOND CLAIM FOR RELIEF
### (NEW YORK LABOR LAW: Failure to Pay Overtime Compensation)

59. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

60. At all relevant times, Plaintiff and the members of the New York Class were employees and Defendants have been an employer within the meaning of the New York Labor Law.

61. The overtime wage provisions of Article 19 of the New York Labor Law and its supporting regulations apply to the Defendants.

62. Defendants employed Plaintiff and members of the New York Class for workweeks longer than forty (40) hours and willfully failed to compensate the Plaintiff and members of the New York Class for the time worked in excess of forty (40) hours per week, at a rate of at least one and one-half times the regular hourly rate, in violation of New York Labor Law.

63. Defendants have failed to pay Plaintiff and members of the New York Class overtime wages to which they were entitled under the New York Labor Law.

64. By Defendants' failure to pay Plaintiff and members of the New York Class overtime wages for hours worked in excess of 40 hours per week, it has willfully violated the New York Labor Law Article 19, §650 et seq., and the supporting New York State Department of Labor Regulations, including 12 N.Y.C.R.R. Part 146.

65. Due to Defendants' violations of the New York Labor Law, Plaintiff and the members of the New York Class are entitled to recover from Defendants their unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

## THIRD CLAIM FOR RELIEF
## (FLSA-FAILURE TO PAY THE FEDERAL MINIMUM WAGE)

66. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

67. At all times relevant to this action, Plaintiff was Defendants' employee within the meaning of 29 U.S.C. §203(e)(1).

68. At all times relevant, Defendants was Plaintiffs employer within the meaning of 29 U.S.C. §203(d).

69. At all times relevant, the applicable federal minimum wage is codified by 29 U.S.C. 206(a)(1).

70. Defendants willfully failed to pay Plaintiff and members of the FLSA Class the minimum wages for hours worked, in violation of the Fair Labor Standards Act, 29 U.S.C. §206(a).

71. As a consequence of the willful underpayment of wages, Plaintiff and members of the FLSA Class are entitled to the unpaid minimum wages, liquidated damages and attorneys' fees and costs and such other legal and equitable relief as the Court deems just and proper.

## FOURTH CLAIM FOR RELIEF
## NEW YORK LABOR LAW-FAILURE TO PAY MINIMUM WAGE

72. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

73. During the Plaintiffs employment, Defendants failed to compensate Plaintiffs and members of the New York Class, at the applicable minimum wage.

74. New York Labor Law Article 19 Section 663, provides that "[i]f any employee is paid by his employer less than the wage to which he is entitled under the provision of this article, he may recover in a civil action the amount of any such underpayments, together with costs and such reasonable attorney's fees."

75. Plaintiffs, and members of the New York Class, did not receive the statutory minimum wage for all hours worked.

76. Consequently by failing to pay the statutory minimum wage, Defendants violated the New York Labor Law §190 et seq.

77. Defendants willfully violated Plaintiff and members of the New York Class rights by failing to pay the minimum wage for all hours of work performed each week, in violation of Labor Law §650 et seq.

78. Due to Defendants' New York Labor Law violations, Plaintiff and members of the New York Class are entitled to recover from Defendants their respective unpaid regular wages, liquidated damages, interest, reasonable attorneys' fees and the costs of this action.

## FIFTH CLAIM FOR RELIEF

**NEW YORK LABOR LAW-FO FAILURE TO PAY SPREAD OF HOURS**

79. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

80. Defendants failed to pay Plaintiff and members of the New York Class one additional hour pay at the basic minimum wage rate before allowances for each day his or her respective spread of hours exceeded ten (10), in violation of New York Labor Law §§650 et seq. and 12 NYCRR §146-1.6.

81. Defendants' failure to pay Plaintiff and members of the New York Class an additional hour pay for each day in which his or her respective spread of hours exceeded ten (10) was willful.

82. As a result of Defendants' New York Labor Law violations, Plaintiff and members of the New York Class are entitled to recover from Defendants' amounts to be proven at trial for such unpaid spread of hours pay, liquidated damages equal to one hundred percent of the spread-of-hours pay found to be due, reasonable attorney's fees, liquidated damages and costs of this action, pursuant to New York Labor Law §663(1).

**SIXTH CLAIM FOR RELIEF**
**NEW YORK LABOR LAW-FAILURE TO FURNISH WAGE STATEMENTS**

83. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

84. Defendants failed to provide Plaintiff and members of the New York Class with notice of his or her respective rate of pay; the basis of his or her respective rate of pay; the regular pay day; the name, address and telephone number of the employer; and other information required by Section 195 of the Labor Law.

85. Defendants' failure to provide Plaintiff and members of the New York Class with the notice required by Section 195 of the Labor Law was willful, and as a result, Defendants are liable to Plaintiffs and members of the New York Class in the amount of $500 for each violation.

86. In addition, to statutory penalties, Plaintiff and members of the New York Class are entitled to recover from Defendants liquidated and/or punitive damages, reasonable attorneys fees and costs of the action, and pre-judgment and post-judgment interest.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of himself and on behalf of all members of the proposed FLSA Class and New York Class, pray for the following relief:

(a) That the Court finds Defendants to have violated the provisions of the New York Labor Law as to Plaintiffs and the members of the New York Class.

(b) That the Court finds Defendants to have violated the Fair Labor Standards Act as to Plaintiffs and the members of the FLSA Class.

(c) Certification of this case as a collective action under 29 U.S.C. §216(b) and a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

(d) Designation of Plaintiff as representative of the New York Class, and counsel of record as Class Counsel;

(e) That the Court determines that Defendants' violations were willful.

(f) An award of liquated damages pursuant to the FLSA and New York Labor Law.

(g) Unpaid overtime and spread of hours pay, and damages for failure to provide requisite wage notices pursuant to New York Labor Law and the supporting New York State Department of Labor Regulations, plus liquidated damages and pre- and post-Judgment interest;

(h) All attorneys' fees and costs incurred in prosecuting these claims; and

(i) Such other relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all questions of fact raised by the Complaint.

Dated: January 6, 2016
      Garden City, New York        Bell Law Group, PLLC

By:     /s/_____
       Andrea E. Batres
       Bell Law Group, PLLC
       100 Quentin Roosevelt Blvd., Ste. 208
       Garden City, NY 11530

*Attorneys for Plaintiffs*