FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ AUG 24 2017 ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------X

GUILLERMO PIMENTEL,

    Plaintiff,

        – against –

MEMORIES PUB, INC., ET AL.,

    Defendants.

------------------------------X

ORDER
16-CV-51 (JFB)(ARL)

JOSEPH F. BIANCO, District Judge:

On January 6, 2016, plaintiff filed a complaint in this action. (ECF No. 1.) Plaintiff served a copy of the complaint on both defendants on January 16, 2016. (ECF No. 12.) To date, defendants have failed to answer or appear in this action. On December 19, 2016, plaintiff requested a certificate of default (ECF No. 15), which the Clerk of the Court entered on December 22, 2016 (ECF No. 16). On May 1, 2017, plaintiff moved for default judgment. (ECF No. 17.) By Order dated May 2, 2017, the Court directed defendants to respond in writing within fourteen days as to why default judgment should not be entered. (ECF No. 18.) The Court warned defendants that a failure to respond would result in the entry of default judgment. (*Id.*) On June 21, 2017, plaintiff filed proof that the copy of the May 2, 2017 Order was delivered to defendant Memories Pub, Inc. on May 6, 2017. (ECF No. 19.) During a June 21, 2017 conference with the Court, plaintiff requested additional time to effect service of the May 2, 2017 Order as to defendant Alberto Oliveira. (*See* ECF No. 21.) The Court granted the

request, and issued an Amended Order dated June 22, 2017, directing defendants to respond in writing within forty-five days as to why default judgment should not be entered. (ECF No. 22.) Defendants were again warned that a failure to respond would result in the entry of default judgment. (*Id.*) On August 22, 2017, plaintiff filed proof that a copy of the June 22, 2017 Order was delivered to defendant Alberto Oliveira on August 5, 2017. (ECF No. 23.) Defendants have failed to respond, or to otherwise appear in this action.

To obtain damages related to a default judgment, "a plaintiff must present admissible evidentiary proof of his alleged damages, unless the claimed amount is liquidated or susceptible to mathematical calculation." *In re Suprema Specialties, Inc.*, 330 B.R. 40, 54 (S.D.N.Y. 2005) (citing *SEC v. Mgmt. Dynamics*, 515 F.2d 801, 814 (2d Cir.1975) ("[U]nless the amount of damages are absolutely certain, the court is required to make an independent determination of the sum to be awarded."). Rule 55(b)(2) permits a court to conduct a hearing "as it deems necessary and proper" to calculate damages, "vesting considerable discretion in the court to establish the procedures appropriate to the particular case." *Id.* at 54-55. However, a hearing is not necessary "as long as [the court] ensure[s] that there [is] a basis for the damages specified in a default judgment." *Fustok v. ContiCommodity Servs., Inc.*, 873 F.2d 38, 40 (2d Cir. 1989). Here, plaintiff has not made evidentiary submissions in connection with the application for a default judgment. Accordingly,

IT IS HEREBY ORDERED that the plaintiff's motion for entry of default judgment (ECF No. 17) against defendants is granted.

IT IS FURTHER ORDERED that the Court refers this matter to Magistrate Judge Lindsay for a Report and Recommendation to address the issue of damages and other relief sought by plaintiff.

IT IS FURTHER ORDERED that the plaintiff serve a copy of this Order on defendants and file proof of the same by September 25, 2017.

SO ORDERED.

_____
JOSEPH F. BIANCO
UNITED STATES DISTRICT JUDGE

Dated: August 24, 2017
Central Islip, New York