UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
GUILLERMO PIMENTAL, on behalf of himself
and all other similarly situated,

                        Plaintiff,                      **REPORT AND**
                                                           **RECOMMENDATION**
                                                            CV 16-51 (JFB) (ARL)

                  -against-

MEMORIES PUB INC. d/b/a MEMORIES BAR
AND GRILL and ALBERTO OLIVEIRA,
Individually,

                        Defendants.
------------------------------------------------------------------X
**LINDSAY, Magistrate Judge:**

        Plaintiff Guillermo Pimental ("Plaintiff") commenced this putative collective and class action against defendants Memories Pub Inc. d/b/a/ Memories Bar and Grill and Alberto Oliveira (collectively, "Defendants") alleging violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA") and the New York Labor Law §§ 190 et seq. ("NYLL"). By Order dated August 24, 2017, Judge Bianco granted Plaintiff's motion for a default judgment and referred the matter to the undersigned for a Report and Recommendation to address the issue of damages and other relief sought by Plaintiff. Based upon the information submitted by Plaintiff, and for the reasons set forth below, the Court respectfully recommends to Judge Bianco that Plaintiff be awarded damages in the following amounts: (1) $42,382.13 in unpaid minimum, overtime and spread-of-hours wages; (2) $42,382.13 in liquidated damages; (3) $10.45 per day in prejudgment interest from August 19, 2013 until the date of judgment; and (4) $9,187.50 in attorneys' fees and costs.

## DISCUSSION

### I. Damages

While a party's default is deemed to constitute a concession of all well-pleaded allegations of liability, it is not considered an admission of damages. *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992). Therefore, once a party's default as to liability is established,[1] a plaintiff still must prove damages. *Id.*

"'Generally, an employee-plaintiff under the FLSA 'has the burden of proving that [s]he performed work for which [s]he was not properly compensated.'" *Berrezueta v. Royal Crown Pastry Shop, Inc.*, No. 12-CV-4380, 2013 WL 6579799, at *3 (E.D.N.Y. Dec. 16, 2013) (quoting *Santillan v. Henao*, 822 F. Supp. 2d 284, 293-94 (E.D.N.Y. 2011)). "However, the employer bears the burden under state and federal law of maintaining records of the employees' wages, hours, and other conditions of employment." *Id.* (citing 29 U.S.C. § 211(c) (2006); N.Y. Lab. Law. § 196-a(a)). Where, as here, Defendants have defaulted and have deprived Plaintiff of the necessary employment records and hampered his ability to prove damages, the Court may credit Plaintiff's testimony and estimates regarding his employment and calculate damages on that basis. *See id.*; *see also Jemine v. Dennis*, 901 F. Supp. 2d 365, 376 (E.D.N.Y. 2012) ("[W]here the employer has defaulted, [as here, the employees'] recollection and estimate of hours worked are presumed to be correct.") (citation and internal quotation marks omitted).

---

[1] The complaint asserts six claims: federal and state claims for failure to pay overtime; federal and state claims for failure to pay minimum wage; a state claim for spread-of-hours pay; and a state claim for failure to furnish wage statements.

A.   **Overtime[2] and Spread-of-Hours Pay[3]**

In support of Plaintiff's request for damages, Plaintiff submits the affidavit of Plaintiff, the declaration of Andrea E. Batres, Esq. and over fifty pages of Plaintiff's handwritten notes reflecting the hours he worked. ECF Nos. 17-1 to 17-3. According to Plaintiff's affidavit and records, he worked for Defendants from November 2011 through May 2015.[4] More specifically, the evidence reflects: (1) for the period of November 21, 2011 to June 3, 2012, Plaintiff earned $12.00 per hour and worked 83.5 hours of overtime for which he was not compensated (83.5 hours x $12.00 per hour x 1.5 = $1503.00) and Plaintiff was not paid spread-of-hours pay on ten different days when he worked more than ten hours (10 days x $7.25 = $72.50); (2) for the period of June 4, 2012 to June 15, 2014, Plaintiff earned $14.00 per hour and worked 924 hours of overtime for which he was not compensated (924 hours x $14.00 per hour x 1.5 = $19,404.00) and Plaintiff was not paid spread-of-hours pay on 289 different days when he worked more than ten hours (233 days x $7.25 = $1,689.25 plus 56 days x $8.00 = $448.00[5]; and (3) for the period

---

[2] Under both federal and state law, Plaintiffs are entitled to overtime wages at a rate of 150 percent of their regular wages for any week in which they worked more than forty hours. 29 U.S.C. § 207(a)(1); N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.4.

[3] "'New York law requires an employer to pay an employee for one additional hour at the minimum hourly wage for any day in which the employee works over ten hours.'" *Berrezueta*, 2013 WL 6579799, at *5 (quoting *Siemieniewicz v. CAZ Contracting Corp.*, No. 11 CV 0704, 2012 WL 5183375, at *12 (Sept. 21, 2012), *report and recommendation adopted as modified on other grounds by*, 2012 WL 5183000 (E.D.N.Y. Oct. 18, 2012)) (citing N.Y. Lab. Law §§ 650-665).

[4] The FLSA's statute of limitations is two years, or three if an employer willfully violated the statute. *See* 29 U.S.C. § 255(a). The NYLL's statute of limitations is six years. NYLL § 663(3). Plaintiff filed the Complaint on January 6, 2016.

[5] The minimum wage rate increased to $8.00 an hour from December 31, 2013 through December 30, 2014. N.Y. Lab. Law § 652.

of June 16, 2014 to May 17, 2015, Plaintiff earned $22.50 per hour and worked 528.5 hours of overtime for which he was not compensated (528.5 hours x $22.00 per hour x 1.5 = $17,836.88) and Plaintiff was not paid spread-of-hours pay on 172 different days when he worked more than ten hours (102 days x $8.00 = $816.00 plus 70 days x $8.75 = $612.5.[6] Adding up the above numbers results in a balance of $38,743.88 in overtime and $3,638.25 in spread-of-hours pay, for a total award of $42,382.13.

### B.   Liquidated Damages

The FLSA and the New York Labor Law both allow for the payment of liquidated damages. Under the FLSA, a plaintiff is entitled to liquidated damages in an amount equal to one hundred percent of the unpaid overtime wages, unless the employer is able to show it acted in good faith. *See Pineda-Herrera v. Da-Ar-Da, Inc.*, No. 09-CV-5140, 2011 WL 2133825, at *4 (E.D.N.Y. May 26, 2011). Under the NYLL, effective April 9, 2011, a plaintiff is entitled to recover one hundred percent of unpaid overtime as liquidated damages for the overtime compensation awarded under the NYLL. *See* Wage Theft Prevention Act, N.Y. Lab. Law § 198(1-a). Here, an award of liquidated damages is appropriate because Defendants have defaulted and thus not carried their burden of demonstrating good faith. *Berrezueta*, 2013 WL 6579799, at *5.

Plaintiff seeks two discrete liquidated damages awards: one under the FLSA and one under the NYLL. Although district courts in this circuit have disagreed as to whether a plaintiff may secure cumulative awards of liquidated damages under both statutes, the Second Circuit has recently ruled in a summary order that an award of liquidated damages under both statutes is

---

[6] The minimum wage rate increased to $8.75 per hour on December 31, 2014. N.Y. Lab. Law § 652.

4

inappropriate. *See Chowdhury v. Hamza Express Food Corp.*, 666 F. App'x 59, 61 (2d Cir. 2016) (affirming lower court's decision that liquidated damages should not be awarded under both FLSA and NYLL in a default judgment). Still, Plaintiff should "recover under the statute that provides the great[er] relief." *Castillo v. RV Transport, Inc.*, No. 15 Civ. 527, 2016 WL 1417848, at *3 (S.D.N.Y. April 11, 2016); *see also Cabrera v. 1560 Chirp Corp.*, No. 15cv8194, 2017 WL 1289349, at *8 (S.D.N.Y. Mar. 6, 2017) ("For unpaid wages incurred on or after April 9, 2011, a plaintiff will not be permitted a cumulative recovery, but rather, may recover under the statute that provides the greatest relief.") (citation and internal quotation marks omitted), *report and recommendation adopted by*, 2017 WL 1314123 (E.D.N.Y. Apr. 6, 2017). As his unpaid wages are slightly higher under the NYLL than the FLSA due to the spread-of-hour award – which is solely a NYLL claim – the Court recommends an award of $42,382.13 in liquidated damages under the NYLL.[7]

## C. Prejudgment Interest

The NYLL expressly provides for pre-judgment interest in addition to liquidated damages. N.Y. Lab. Law § 198(1-a) ("[T]he court shall allow such employee to recover . . . prejudgment interest ... and, unless the employer proves a good faith basis to believe that its underpayment of wages was in compliance with the law, an additional amount as liquidated damages equal to one hundred percent of the total amount of the wages found to be due."). The applicable rate of interest is 9% per annum, as specified in N.Y. C.P.L.R. §§ 5001 and 5004, and calculated from a reasonable midpoint date during the course of their employment. *See* N.Y. C.P.L.R. § 5001(b) ("Where such damages were incurred at various times, interest shall be computed upon each item

---

[7] Although *Chowdhury* is a summary order and therefore has no precedential effect, its reasoning and holdings are persuasive.

from the date it was incurred or upon all of the damages from a single reasonable intermediate date.").

Plaintiff seeks prejudgment interest from August 2013, which is a reasonable midpoint date between November 21, 2011 and May 17, 2015. The Court finds that Plaintiff is entitled to prejudgment interest for his NYLL award, amounting to $10.45 per day from August 19, 2013 until the date of judgment (9% multiplied by the award of $42,382.13 divided by 365 days).

## II.  Attorneys' Fees

Both the FLSA and the NYLL provide for a mandatory award of reasonable attorneys' fees and costs to a prevailing plaintiff. 29 U.S.C. § 216(b); N.Y. Labor Law § 663(1). As a general matter, in determining appropriate attorneys' fees, the "starting point" for calculating a "'presumptively reasonable fee," is "the lodestar – the product of a reasonable hourly rate and the reasonable number of hours required by the case." *Millea v. Metro-North R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011) ("Both this Court and the Supreme Court have held that the lodestar – the product of a reasonable hourly rate and the reasonable number of hours required by the case – creates a 'presumptively reasonable fee'.") (quoting *Arbor Hill Concerned Citizens Neighborhood Assoc. v. Cnty. of Albany*, 522 F.3d 182, 183 (2d Cir. 2008)). The Supreme Court held that "the lodestar method produces an award that *roughly* approximates the fee that the prevailing attorney would have received if he or she had been representing a paying client who was billed by the hour in a comparable case." *Perdue v. Kenny A. Ex rel. Winn.*, 559 U.S. 542, 551 (2010) (emphasis in original). "The lodestar figure includes most, if not all, of the relevant factors constituting a 'reasonable attorney's fee." *Id.* at 553 (citation omitted); *see Arbor Hill Concerned Citizens Neighborhood Assoc.*, 522 F.3d at 184, 190-91 (holding a court determines a "presumptively reasonable fee" by considering case specific factors in order to establish a reasonable hourly rate

6

that a "reasonable, paying client would be willing to pay," and then multiplying that rate by the number of reasonable hours). This assessment is undertaken "bear[ing] in mind that a reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively." *Arbor Hill Concerned Citizens Neighborhood Assoc.*, 522 F.3d at 190. The reasonableness of hourly rates are guided by the market rate "[p]revailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation," *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984), and the relevant community is generally the "district in which the court sits," *Polk v. New York State Dep't of Corr. Servs.*, 722 F.2d 23, 25 (2d Cir. 1983). Moreover, "[t]he burden is on the party seeking attorney's fees to submit sufficient evidence to support the hours worked and the rates claimed," *Hugee v. Kimso Apartments, LLC*, 852 F. Supp. 2d 281, 291 (E.D.N.Y. 2012), and this Circuit requires contemporaneous billing records for each attorney, *see Scott v. City of New York*, 643 F.3d 56, 57 (2d Cir. 2011). Finally, there is a "strong presumption" that the lodestar represents the appropriate award, though "enhancements may be awarded in rare and exceptional circumstances." *Perdue,* 559 U.S. at 552.

In the present case, Plaintiff retained the services of Bell Law Group, PLLC, which billed Plaintiff for legal services totaling $11,310.00 and costs in the amount of $705.00 for the period December 22, 2015 through April 26, 2017. To support Plaintiff's request for attorneys' fees and costs, Plaintiff submits the declarations of Andrea E. Batres, Esq. ("Batres") and Matthew F. Mihalich, Esq. ("Mihalich") with contemporaneous billing records annexed to the declarations. *See* ECF Nos. 17-4 to 17-6.

The Court finds that Plaintiff's submission provides sufficient evidence to form the basis for an award of fees without a further hearing. Plaintiff seeks reimbursement for legal services rendered by Batres and Mihalich, attorneys at the firm who have been practicing law since June

7

2011 and December 2012, respectively, litigating civil cases, including FLSA and NYLL claims, at the rate of $300 per hour. The Court finds that counsel's hourly rate is significantly higher than the rates ordinarily awarded to midlevel associates. *See Cohetero v. Stone & Tile, Inc.*, No. 16-CV-4420, 2018 WL 565717, at *5 (E.D.N.Y. Jan. 25, 2018) (noting that $200 is the "midpoint of the range of fees typically awarded for associates in this district"); *Calle v. Yoneles Enters., Inc.*, No. 16-CV-1008, 2017 WL 6942652, at *20 (E.D.N.Y. Oct. 24, 2017) ("The prevailing hourly rate for junior associates in FLSA cases in this District is from $100 to $200."), *report and recommendation adopted by*, 2018 WL 401269 (E.D.N.Y. Jan. 12, 2018); *Martinez v. Alimentos Saludables Corp.*, No. 16 CV 1997, 2017 WL 5033650, at *27 (E.D.N.Y. Sept. 22, 2017) (reducing rate of associate with five years experience in FLSA case to $225 per hour); *Gonzalez v. ERBA, Inc.*, No. 15-CV-6037, 2017 WL 4118, at *9 (E.D.N.Y. Aug. 30, 2017) ("In the Eastern District of New York, depending on the nature of the action, extent of legal services provided and experience of the attorney, hourly rates range from approximately $300 to $400 per hour for partners, $200 to $300 per hour for senior associates, and $100 to $200 for junior associates.") (citation and internal quotation marks omitted), *report and recommendation adopted by*, 2017 WL 4122615 (E.D.N.Y. Sept. 15, 2017). Accordingly, the Court recommends reducing Batres and Mihalich's hourly rate to $225 per hour.

With regard to the reasonableness of the hours billed, "[t]he number of hours counsel spends on an action will be determined unreasonable if found to be excessive, duplicative, or unnecessary." *Finkel v. Metro Sign & Maint. Corp.*, No. 09 CV 4416, 2010 WL 3940448, at *16 (E.D.N.Y. Aug. 12, 2010) (citing *Labrera v. Frank J. Batchelder Transp. LLC*, No. 08-CV-3387, 2009 WL 245021, at *4 (E.D.N.Y. Feb. 2, 2009)). Here, the record reflects that counsel spent a total of 37.7 hours on this matter. The time records submitted here describe what tasks were

performed on behalf of Plaintiff, the dates on which such tasks were performed, and the amount of time expended. I find this time reasonable. Accordingly, the Court reports and recommends that Plaintiffs be awarded $8,482.50 in fees, derived as follows: 37.70 hours at $225 per hour.

Plaintiffs also seek costs in the amount of $705.00, representing the fee for filing this action and service upon Defendants. The Court finds that such costs are reasonable and recommends that Plaintiffs be awarded $705.00 in costs.

## CONCLUSION

Based on the foregoing, the undersigned recommends that Plaintiff be awarded (1) $42,382.13 in unpaid minimum, overtime and spread-of-hours wages; (2) $42,382.13 in liquidated damages; (3) $10.45 per day in prejudgment interest from August 19, 2013 until the date of judgment; and (4) $9,187.50 in attorneys' fees and costs.

## OBJECTIONS

A copy of this Report and Recommendation is being electronically filed on the date below. Counsel for Plaintiff shall serve a copy of this Report and Recommendation on the Defendants upon receipt and shall file proof of service with the Court. Any objections to this Report and Recommendation must be filed with the Clerk of the Court with a courtesy copy to the undersigned within 14 days of service. Failure to file objections within this period waives the right to appeal the District Court's Order. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; Beverly v. Walker, 118 F.3d 900, 902 (2d Cir. 1997); Savoie v. Merchants Bank, 84 F.3d 52, 60 (2d Cir. 1996).

Dated:  Central Islip, New York
        February 20, 2018

                                                        S/
                                              ARLENE R. LINDSAY
                                              United States Magistrate Judge